UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NADIA NATHAN,**

       **Plaintiff,**

                                  **Civil Action 2:10-cv-872**
   **v.**                              **Judge George C. Smith**
                                  **Magistrate Judge E.A. Preston Deavers**

**THE OHIO STATE UNIVERSITY, et al.,**

       **Defendants.**

## DISCOVERY ORDER

     Plaintiff, Dr. Nadia Nathan, brings this employment action against Defendants, The Ohio State University, The Ohio State University Medical Center, and Ohio State University Physicians, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Age Discrimination and Employment Act, 29 U.S.C. § 626 *et seq*., and the Family and Medical Leave Act, 29 U.S.C. § 2615 *et seq*., asserting discrimination and retaliation claims. This matter is before the Court for consideration of Plaintiff's Motion to Quash Subpoenas to Non-Parties, or in the Alternative, for Protective Order (ECF No. 29), Defendants' Memorandum in Opposition and Motion to Compel Plaintiff's Discovery Responses (ECF No. 32), Plaintiff's Reply (ECF No. 38), Defendants' Motion to Strike Plaintiff's Reply, or in the Alternative, Motion for Leave to File Sur-Reply *Instanter* (ECF No. 39), and Plaintiff's Memorandum in Opposition (ECF No. 41). For the reasons that follow, Defendants' Motion to Strike Plaintiff's Reply, or in the Alternative, Motion for Leave to File Sur-Reply *Instanter* (ECF No. 39) is **GRANTED IN PART AND DENIED IN PART,** Plaintiff's Motion to Quash Subpoenas to Non-Parties, or in the Alternative, for Protective Order (ECF No. 29) is **DENIED,**

and Defendants' Motion to Compel  (ECF No. 32.) is **GRANTED IN PART AND DENIED IN PART**.

**I.**

Plaintiff is a cardiac anesthesiologist.  In May 2005, Defendants employed Plaintiff as an Associate Professor and as a practicing physician.  In July 2009, Defendants terminated Plaintiff's clinical employment, preventing her from practicing medicine and limiting her to work temporarily as an associate professor.  When Plaintiff obtained another position, Defendants terminated her academic employment.  Plaintiff subsequently filed this employment action, alleging that Defendants unlawfully created a hostile work environment, refused her opportunities for advancement, prevented her from practicing medicine, and wrongfully terminated her employment.  Defendants deny these allegations, asserting that Plaintiff was terminated for an number of legitimate, non-discriminatory reasons, including for manipulating and abusing her leave time.

As part of their discovery, Defendants submitted interrogatories and requests for production of documents to Plaintiff relating to her travel.  Plaintiff objects to these discovery requests, asserting that they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, Plaintiff challenges the following interrogatories and request for production of documents:

**INTERROGATORY NO. 2:**

Please state the name of each and every airline Plaintiff Nadia Nathan has utilized for travel from January 1, 2007 to July 1, 2009.

**INTERROGATORY NO. 3:**

Please state the name, address and telephone number of any travel agent or any similar service used for travel or to arrange travel for the plaintiff from

2

January 1, 2007 to July 1, 2009.

**INTERROGATORY NO. 4:**

Please state with particularity the dates of each and every trip taken by Plaintiff outside the State of Ohio from January 1, 2007 to July 1, 2009, regardless of, or the purpose for, the trip or travel.

\* \* \*

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any travel itineraries, airline tickets, hotel confirmation receipts, or reservations for any travel or trip referred to in Interrogatory #4 above.

(Defs.' Sec. Combined Disc. Reqs. 2–5, ECF No. 29-1.)  Plaintiff contends that at a minimum, the Court should limit discovery to dates Defendants allege she abused her leave time. Defendants have moved the Court for an order compelling Plaintiff to respond to these discovery requests.

Defendants also issued subpoenas *duces tecum* to major airlines, requesting production of the following documents and records:

> (1) All records from January 1, 2007 to July 1, 2009 pertaining to Dr. Nadia Salama Ibrahim Nathan, including, but not limited to, flight records and account activity. (2) All of Dr. Dr. Nadia Salama Ibrahim Nathan's frequent flyer number(s).  (3) All records from January 1, 2007 to July 1, 2009 pertaining to Dr. Nadia Salama Ibrahim Nathan's frequent flyer number(s), including, but not limited to, flight records and account activity.

(Airline Subpoenas, ECF No. 29-1.)  The third-party airlines have not objected to the subpoenas. Plaintiff, however, has moved to quash the subpoenas, asserting that her constitutional rights and right to individual privacy are implicated.  Plaintiff further asserts that the subpoenas are overbroad and "appear to be nothing more than a fishing expedition to harass Plaintiff . . . ." (Pl.'s Mot. to Quash 3, ECF No. 29.)  Plaintiff also asks the Court to quash the subpoenas as a

3

sanction for Defendants' failure to provide notice to her before serving them upon the airlines in violation of Federal Rule of Civil Procedure 45(b)(1).  Alternatively, Plaintiff asks the Court to enter a protective order precluding the subpoenaed discovery.  Plaintiff again asserts that a protective order is appropriate given that the subpoenas are overbroad, irrelevant, and "apparent[ly] intent[ed] . . . to harass Plaintiff and interfere with her privacy."  (*Id*. at 5.)  The Court ordered that the third-party airlines refrain from producing the documents requested in the subpoenas pending resolution of Plaintiff's Motion.  (ECF No. 30.)

Defendants counter that the discovery relating to Plaintiff's travel is directly related to one of its affirmative defenses.  Specifically, Defendants contend that the discovery is relevant to its affirmative defense that it terminated Plaintiff for numerous legitimate, non-discriminatory reasons, including her abuse of her leave time.

## II.

**A.     Motion to Strike**

As a preliminary matter, Defendants' Motion to Strike Plaintiff's Reply, or in the Alternative, Motion for Leave to File Sur-Reply *Instanter* is **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 39.)  Although Plaintiff did raise new factual and legal arguments in her Reply (ECF No. 38), that briefing also served as her opposition to Defendants' Motion to Compel Plaintiff's Discovery Responses (ECF No. 32).  The Court, therefore, declines to strike Plaintiff's Reply.  The Court, however, grants Defendants' Motion for Leave to File Sur-Reply *Instanter*.  Thus, in deciding the discovery disputes, the Court has considered all of the parties' filings.

B.     **Defendants' Motion to Compel**

Defendants have moved the Court for an order compelling Plaintiff to respond to their discovery requests.  Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Determining the scope of discovery is within this Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence."  *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'"  *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

The Court concludes that Defendants' requests relating to Plaintiff's travel records are discoverable, but limits the scope of the requests to those dates for which she requested sick, administrative, and/or research/meeting time leave.  As narrowed, it is evident that the requests

5

are "reasonably calculated to lead to the discovery of admissible evidence." *Lewis*,135 F.3d at 402. In her Reply, Plaintiff strenuously argues that the records Defendants seek constitute after-acquired evidence and that Defendants should only be able to use such evidence to bar certain types of recovery as opposed to escaping liability. (*See* Pl.'s Reply 3–4, ECF No. 38.) Plaintiff confuses discoverability with admissibility. Plaintiff's arguments challenge the manner in which Defendants may use any information obtained rather than whether it is discoverable.[1] Moreover, in making such an argument, Plaintiff has implicitly acknowledged that the information sought is relevant for at least one purpose, *i.e.*, to use as after-acquired evidence.

Consistent with the foregoing, Defendants' Motion is granted in part and denied in part. Fourteen days after Defendants supply Plaintiff with those dates for which she requested sick, administrative, and/or research/meeting time leave, she must produce the requested information, limiting production to those dates Defendants identified.

**C.    Third-Party Subpoenas**

Plaintiff asks the Court to quash the subpoenas Defendants served on the third-party airlines. Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the non-party commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(c)(2)(B). Typically, a party does not have standing to challenge a subpoena issued to a non-party. Where a party

---

[1] At this juncture, the Court declines to opine on whether Defendants should be limited in the manner it utilizes any evidence obtained through discovery.

successfully asserts "'some personal right or privilege with regard to the documents sought,'" however, that party will have standing. *Mann v. University of Cincinnati*, Nos. 95-3195 and 95-3292 , 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (1995)); *see also Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876,  2009 WL 330314, at *1 (S.D. Ohio Feb. 6 2009) (citations omitted) (noting that a party would have standing to move to quash a subpoena served upon a nonparty if that party had "a claim of some sort of personal right or privilege").

      The Court concludes that Plaintiff has not demonstrated that she has standing to quash the subpoenas.  In reaching this conclusion, the Court rejects Plaintiff's assertion that the subpoenas implicate her "'constitutional right to travel from one State to another.'"  (Pl.'s Mot. to Quash 3, ECF No. 29 (quoting *United States v. Guest*, 393 U.S. 745, 757 (1966).)  Plaintiff fails to articulate how an airline's production of its travel records would impede her interstate travel.  Plaintiff likewise fails to support her assertion that the subpoenas invade her personal privacy.  In *United States v. Phibbs*, the United States Court of Appeals for the Sixth Circuit concluded that a party did not have standing to challenge subpoenas issued to third-party businesses where "[t]he information contained within the [subpoenaed] materials was readily accessible to employees during the course of business."  999 F.2d 1053, 1077–78 (6th Cir. 2010).  The material sought in *Phibbs* included credit card statements and telephone records.  The Court reasoned that an individual cannot have "an actual and justifiable privacy interest" in these types of business records.  *Id*. at 1078.  In this case, the subpoenas request the airlines' business records reflecting Plaintiff's travel.  Plaintiff has no legitimate expectation of privacy in these airlines' business records.  *See State v. Key*, No. 3:09CR-179-S, 2010 WL 3463756, at *1–2 (W.D. Ky. Sept. 1, 2010) (finding no grounds to challenge subpoena issued to airline

because no "expectation of privacy attaching to records"); *Melgarejo v. 24 Hour Prof. Janitorial Srvcs.,* No. 3:07-CV-1847-B, 2009 WL 55705 (N.D. Tex. Jan. 6, 2009) (rejecting party's arguments that subpoenas to airlines were harassing and an invasion of privacy).

The Court declines to quash Defendants' third-party subpoenas as a sanction for their alleged failure to provide adequate notice to Plaintiff. Rule 45(b)(1) provides that "[i]f the subpoena commands the production of document . . . then before it is served a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). The 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of this notice requirement is to provide parties with the opportunity to object to the subpoena. In this case, beyond seeking sanctions for Defendants' purported violation of the notice requirement of Rule 45(b)(1), Plaintiff offers no facts or explanation from which the Court can conclude that Defendants violated the Rule. In contrast, Defendants offer evidence suggesting that their counsel sent notice to Plaintiff's counsel via a letter on the same day that they issued the subpoenas to the airlines. The letter Defendants' counsel sent, however, does not identify the method of delivery. Thus, the Court is unable to determine whether or not Plaintiff received notice prior to or at least simultaneous with the service of the subpoenas. Nevertheless, the Court declines to wade further into the question of whether Defendants timely provided notice of the subpoenas because consistent with the stated purpose of the notice requirement, Plaintiff had an opportunity to and did, in fact, object to the subpoenas.

Finally, the Court denies Plaintiff's request for a protective order. Federal Rule of Civil Procedure 26(c) affords district courts with discretion to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(D). In moving for a protective order, Plaintiff makes the same relevancy and

interference of privacy arguments that the Court has addressed above. The Court, therefore, concludes that Plaintiff has not established that good cause exists for issuing a protective order.

### III.

For the reasons set forth above, Defendants' Motion to Strike Plaintiff's Reply, or in the Alternative, Motion for Leave to File Sur-Reply *Instanter* is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 39.) The Court declines to Strike Plaintiff's Reply, but grants Defendants leave to file its Sur-Reply *Instanter*. Plaintiff's Motion to Quash Subpoenas to Non-Parties, or in the Alternative, for Protective Order is **DENIED**. (ECF No. 29) The third-party airlines are **DIRECTED** to respond to Defendants' subpoenas **WITHIN FOURTEEN DAYS FROM THE DATE OF THIS ORDER**.[2] Finally, Defendants' Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 32.) Defendants are to supply Plaintiff with the dates for which she requested sick, administrative, or research/meeting time leave. Upon receipt of these dates, Plaintiff must respond to Defendants' discovery requests **WITHIN FOURTEEN DAYS**, limiting its responses to the dates provided.

**IT IS SO ORDERED.**

Date: April 17, 2012        /s/ *Elizabeth A. Preston Deavers*
                             Elizabeth A. Preston Deavers
                             United States Magistrate Judge

---

[2] Defendants are **DIRECTED** to forward a copy of this Order to the subpoenaed third-parties.