# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NADIA NATHAN,**

    **Plaintiff,**

                                          Civil Action 2:10-cv-872
   v.                              Judge George C. Smith
                                          Magistrate Judge Elizabeth P. Deavers

**THE OHIO STATE UNIVERSITY, et al.,**

    **Defendants.**

## DISCOVERY ORDER

Plaintiff, Dr. Nadia Nathan, brings this employment action against Defendants, The Ohio State University, The Ohio State University Medical Center, and Ohio State University Physicians, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C. § 626 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2615 *et seq.*, asserting discrimination and retaliation claims. This matter is before the Court for consideration of Defendants' Motion to Preclude Plaintiff from Utilizing Certain Documents Produced in Discovery (ECF No. 49), Plaintiff's Memorandum in Opposition (ECF No. 72), Defendants' Reply (ECF No. 75), Plaintiff's Motion to Strike Defendants' Reply to Motion to Exclude Documents (ECF No. 78), and Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike (ECF No. 92). For the reasons that follow, Defendants' Motion to Preclude Plaintiff from Utilizing Certain Documents Produced in Discovery and Plaintiff's Motion to Strike are **DENIED**.

**I.**

On January 13, 2011, the Court issued a Preliminary Pretrial Order ("PPO"), setting forth the case schedule. (ECF No. 11.) The PPO required the parties to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 8, 2011. Plaintiff timely tendered her initial disclosures on March 8, 2011. In her disclosures, she set forth the categories and location of documents and information that she might use to support her claims and defenses. Specifically, she listed the following categories of documents in Section II of her disclosures:

- Any and all documents regarding Plaintiff's employment with Defendants;
- Documents regarding Plaintiff's qualifications and experience;
- Plaintiff's EEOC file(s);
- Defendants' response to Plaintiff's public records request; and
- Documents relating to Plaintiff's complaints of discrimination, retaliation and unethical medical practices.

(Pl.'s R. 26(a)(1) Disclosures at § II, ECF No. 35-1.) Thereafter, Defendants served written discovery on Plaintiff, requesting production of "each and every document referred to in Section II of Plaintiff's Rule 26(a)(1) Disclosures . . . ." (Defs.' Doc. Reqs. at Req. No. 1, ECF No. 75-1.) Plaintiff responded to Defendants' written discovery in July 2011, indicating that she produced all responsive documents to the foregoing document request.

In February 2011, just prior to the initial disclosures deadline and while she was residing in her Columbus, Ohio home with her newborn son, Plaintiff's second residence in Wayland, Massachusetts, "suffered severe water damage." (Nathan Aff. ¶¶ 2-4, ECF No. 72-2.) Plaintiff hired contractors and family members to pack up and store her personal belongings. The water

damage rendered the home uninhabitable due to the resulting mold and structural damage. Plaintiff did not begin the unpacking process until late January 2012. She represents that the delay in unpacking was attributable to her inability to bring her nursing infant into the uninhabitable home or to be away from him for substantial amounts of time. She also maintains that the delay was due to "continued work in the house." (*Id*. at ¶¶ 7–8.) Plaintiff states that when she went through the boxes, she discovered documents relating to this action mingled with other documents. She turned over the documents to her counsel in two batches. Plaintiff's counsel represents that she "bates numbered and produced [these documents] as rapidly as possible." (Pl.'s Mem. in Opp. 3, ECF No. 72.)

Plaintiff's counsel produced the first batch of documents, Bates Numbers 1368-1603, to Defendants on February 21, 2012. In the email accompanying this supplemental production, Plaintiff's counsel explained that Plaintiff had recently discovered the documents while going through boxes at her home in Massachusetts. She indicated that some of the documents may be duplicative of documents previously produced. She generally described the documents as "having to do with [Plaintiff's] employment at OSU," and organized the documents into four labeled sections. (Feb. 21, 2012 Corres., ECF No. 72-1.) Plaintiff represents that the first grouping of documents included emails between Plaintiff and defense witnesses relating to various issues, including Plaintiff's complaints of disparate treatment during her employment. She describes the second grouping of documents as emails and correspondence either sent to or originating from Defendants relating to her initial hiring. She describes the third grouping as performance evaluations during her employment with Defendant and the fourth as more evaluations and documents relating to her medical leave.

Plaintiff's counsel produced the second batch of documents, Bates Numbers 1604-2432,

3

to Defendants on March 2, 2012, the final day of the discovery period.[1]  In the email accompanying this supplemental production, Plaintiff's counsel again explained that the documents were found at Plaintiff's Massachusetts home and that the documents "may be responsive to Defendant's discovery requests."  (Mar. 2, 2012 Corres., ECF No. 72-1.)  The documents were organized into six labeled sections.  According to Plaintiff, of the 835 pages produced in this batch, 599 pages consisted of Defendants' own policies and departmental work schedules, which Defendant had previously produced in February 2012.

Defendants subsequently filed the subject Motion to Preclude Plaintiff from Utilizing Certain Documents in Produced in Discovery, seeking an order prohibiting Plaintiff from utilizing the documents she discovered in her Massachusetts home in this litigation pursuant to Federal Rule of Civil Procedure 37(c)(1).  (ECF No. 49.)  Defendants maintain that the sanction of exclusion is warranted because "Plaintiff has provided absolutely no explanation for the delay in providing these documents, either at the initial disclosure date of March 8, 2011, or in response to Defendants' initial discovery requests, served March 11, 2011."  (Pl.'s Mot. 4, ECF No. 49.)  Defendants speculate that Plaintiff "held back" the documents at issue in order "to gain an advantage by preventing witnesses from refreshing their recollections based upon the documents, taking their depositions and then attempting to impeach their testimony on summary judgment or at the time of trial."[2]  (*Id*. at 6.)  Defendants also cite Plaintiff's failure "to identify

---

[1]On February 15, 2012, the Court extended the previously-extended March 2, 2012 deadline to April 2, 2009, upon the parties' agreed motion, for the limited purpose of conducting specified depositions.  (ECF No. 25.)  On April 17, 2012, the Court again extended the deadline until May 30, 2012, for the limited purpose of permitting Defendants to depose Drs. Gravelee and Nussmier.  (ECF No. 48.)

[2]Plaintiff had deposed twelve witnesses before production of the documents at issue and deposed six additional witnesses after production.

4

what particular 'discovery requests' the documents are intended to respond to" as a basis for sanctions. (*Id*. at 4.) Finally, without elaborating, Defendants submit that they would be "extremely prejudiced" if Plaintiff is permitted to utilize the documents at issue. (*Id*.)

Plaintiff counters that sanctions are not warranted because she fully complied with Rule 26. She explains that she was not required to supplement her initial disclosures upon discovery of the documents at issue because those documents were described in her March 8, 2011 Initial Disclosures. She also posits that "substantial justification [exists] for supplementing her documents later in the discovery process." (Pl.'s Mem. in Opp. 1, ECF No. 72.) Plaintiff suggests that any violation of Rule 26 is "harmless" because with the exception of two documents relating to her post-termination earnings, Bates Numbers 1604–05, all of the documents at issue originated with Defendants or were sent to Defendants during her employment. Plaintiff further asserts that these documents were responsive to the document requests she submitted to Defendants, and "[t]herefore, Defendants should have produced all of the documents to Plaintiff in June 2011, rather than wait to see if Plaintiff had them too."[3] (*Id*. at 4.) Finally, Plaintiff points out that until filing the instant Motion, "Defendants made no objection to the form or categorization" of her supplemental document productions. (*Id*. at 7.)

Defendants, in their Reply, emphasize that exclusion of the documents at issue is appropriate because Plaintiff "failed to *timely* supplement her discovery responses" as required under Rule 26(e). (Def.'s Reply 4, ECF No. 75.) Plaintiff moves to strike Defendants' Reply,

---

[3]In their Reply, Defendants do not dispute Plaintiff's assertions that the documents originated with them or were sent to them during her employment or that the documents would be responsive to her document requests. Rather, Defendants assert that this is a "red herring argument" and that they "do not believe" they have the documents in their possession. (Defs.' Reply 7 n.1, ECF No. 75.)

5

arguing that Defendants are raising this argument for the first time. (ECF No. 78.) Defendants counter that they repeatedly advanced this argument in their Motion. (ECF No. 92.)

## II.

### A. Plaintiff's Motion to Strike

As a threshold matter, Plaintiff's Motion to Strike is not well taken. According to Plaintiff, the Court must strike Defendants' Reply because they raised a new argument for first time, namely, that Plaintiff's failure to timely supplement her discovery responses with the documents at issue warrants the sanction of exclusion. As Defendants point out, however, they did, in fact, cite Plaintiff's purported failure to timely supplement her discovery responses as a basis for their motion. (*See* Pl.'s Mot. 4, 6, ECF No. 49.) Plaintiff's Motion to Strike is, therefore, **DENIED**.

### B. Defendants' Motion to Preclude

Defendants maintain that Plaintiff's failure to comply with Rule 26(a)(1) and (e) warrants the imposition of the sanction of exclusion under Rule 37(c)(1). As set forth above, Plaintiff asserts that the Motion is meritless.

Federal Rule of Civil Procedure 26(a) outlines a party's initial disclosure requirements, including the requirement that a party disclose a "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii). Rule 26(e) requires a party to supplement its Rule 26(a) disclosure or its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process

or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Failure to comply with Rule 26(a) or (e) gives rise to sanctions under Federal Rule of Civil Procedure 37(c)(1) unless the violation was harmless or substantially justified. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Thus, "[t]he party seeking to invoke the preclusion sanction [of Rule 37(c)(1)] must first prove that the opposing party violated Rule 26(a) or (e) . . . ." 7 James Wm. Moore *et al.*, Moore's Federal Practice § 37.60[2][a] (3d ed. 2012).

If the movant has carried its burden, Rule 37(c)'s "test [for the sanction of exclusion] is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (internal quotation marks omitted and citation omitted). The burden to prove harmlessness or substantial justification rests on the potentially sanctioned party. *Roberts ex rel. Johnson v. Glen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"). "Harmlessness . . . is key under Rule 37, not prejudice." *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir. 2003). The Advisory Committee's Note to the 1993 Amendments to Rule 37 "'strongly suggests that "harmless" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Id*. (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)); Fed R. Civ. P. 37(c)(1) advisory committee's note to 1998

7

amendments (offering as examples of "harmless" violations "the inadvertent omission from a Rule 26(a)(1)(A) disclosure the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a *pro se* litigant of the requirement to make the disclosures.").

In the instant case, Defendants cannot prevail on their Motion because they have not established that Plaintiff violated Rule 26(a) or (e). Defendants incorrectly posit that Plaintiff's production of the documents at issue establishes that she failed to comply with her Rule 26(a) disclosure requirements:

> Plaintiff's claim that she fully complied with her Rule 26 Disclosure requirements is disingenuous. If Plaintiff had, in fact, fully complied with the disclosure requirements, why did she transmit nearly 1,200 additional documents within days of the close of discovery?

(Pl.'s Reply 5, ECF No. 75.) Defendants' argument ignores the plain language of Rule 26(a), which permits parties to provide "a description by category and location" of the pertinent documents as an alternative to production. Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff timely provided her initial disclosures, opting to set forth descriptions of categories of documents and their locations. Because the documents at issue were described in Plaintiff's initial disclosures, she was under no obligation under Rule 26(a) to supplement her disclosures upon discovery of the documents at issue.

Nor have Defendants demonstrated that Plaintiff failed to supplement her discovery responses in a timely manner as required by Rule 26(e). Defendants maintain that Plaintiff's supplementation was not timely because she should have produced the documents at issue in June 2011, along with her other responses to their written discovery. As set forth above, in support of their position, Defendants submit that Plaintiff, without "even attempt[ing] to provide

8

an explanation," "held back" the documents as a "tactic to gain an advantage by preventing witnesses from refreshing their recollections . . . ." (Defs.' Mot. 6, ECF No. 49.) Defendants' assertions, however, are unsupported and even contradicted by the record evidence. Plaintiff *has* provided a reasonable explanation for why the documents were not produced in June 2011, namely, that she was unaware of the documents' existence due to the water damage her Massachusetts residence suffered in February 2011, before the due date for her initial disclosures, before Defendants served their written discovery, and months before she responded to Defendants' discovery requests. She has also provided a reasonable explanation for why she first discovered the documents in January 2012. The record contains no evidence that Plaintiff "held back" the documents as a litigation tactic. Rather, the evidence demonstrates that upon learning of the existence of the documents, Plaintiff and her counsel reviewed, bates numbered, and produced the documents "as rapidly as possible." (Pl.'s Mem. in Opp. 3, ECF No. 72.) This disclosure fell within the discovery deadline, months before the dispositive motions deadline. (Pl.'s Mem. in Opp. 3, ECF No. 72.) Moreover, after producing the documents, Plaintiff proceeded to take six depositions. Finally, the Court agrees with Plaintiff, that the fact that nearly all of these mostly-duplicative documents originated from Defendants undermines their assertion of malintent.

Defendants' contention that the Court should declare Plaintiff's productions untimely because she failed to properly identify the original request to which each supplemental document was responsive is equally unpersuasive. Both parties readily identified the documents as responsive to Defendants' first document request, which sought production of those categories of documents Plaintiff identified in her initial disclosures. (*See* Defs.' Reply 4, ECF No. 75 (asserting that the documents at issue are responsive to their Request for Production Number

9

One).) Further, as Plaintiff notes, Defendants raised this objection to her supplemental production for the first time in their Motion.

Even if the Court were to conclude that Defendants carried their burden to demonstrate that Plaintiff violated her duty to supplement under Rule 26(e), Rule 37(c)(1) sanctions are not warranted because Plaintiff has offered a "reasonable explanation" for the delay. *Bessemer*, 596 F.3d at 370. Specifically, Plaintiff has offered unrefuted affidavit testimony establishing the following: her secondary residence suffered severe water damage in February 2011 while she was residing in her Columbus, Ohio home with her newborn baby; she hired contractors and family members to pack up and store her personal belongings in seventy boxes; she did not know the documents existed; the water damage rendered the home uninhabitable due to the resulting mold and structural damage; the home was consequently inaccessible to her until January 2012 for safety reasons relating to her and her nursing infant; and when she discovered the documents, she promptly provided them to her counsel who, in turn, promptly produced the documents to Defendants. The Court concludes that these circumstances, many of which were unexpected and beyond Plaintiff's control, amount to substantial justification under Rule 37(c)(1). Defendants have failed to address the reasonableness of Plaintiff's explanation, instead repeatedly insisting that she has failed to provide any justification. (*See* Pl.'s Mot. 4, ECF No. 49 ("Plaintiff has provided absolutely no explanation for the delay . . . ."); *Id*. at 6 ("Plaintiff has not even attempted to provide an explanation . . . ."); Pl.'s Reply 6, ECF No. 75 ("Plaintiff has failed to give any explanation . . . .").)

**III.**

In sum, for the reasons set forth above, Defendants' Motion to Preclude Plaintiff from Utilizing Certain Documents Produced in Discovery (ECF No. 49) and Plaintiff's Motion to Strike (ECF No. 78) are **DENIED**.

**IT IS SO ORDERED.**


Date: October 29, 2012                               /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge