# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NADIA NATHAN,**

      **Plaintiff,**

                                    Case No. 2:10-CV-872
                                    JUDGE SMITH
    v.                                  Magistrate Judge Deavers

**THE OHIO STATE UNIVERSITY,** *et al.***,**

      **Defendants.**

## ORDER

This matter is before the Court on Defendants The Ohio State University and The Ohio State University Medical Center's (collectively "Defendants" or "OSU") Objections to the Magistrate Judge's October 29, 2012 Discovery Order (Doc. 113). The Objections are fully briefed and ripe for disposition. For the reasons that follow, the Court **OVERRULES** Defendants' Objections.

**I.**     **Background**[1]

Plaintiff Nadia Nathan is a cardiac anesthesiologist. She began her employment with Defendants in May 2005 as an Associate Professor and practicing physician. In July 2009, Defendants terminated Plaintiff's clinical employment, preventing her from practicing medicine and limited her to work as a temporary Associate Professor. When Plaintiff obtained another

---

[1] The Magistrate Judge thoroughly set forth the pertinent procedural and factual background of this case in her October 29, 2012 Discovery Order as it concerns Plaintiff's Motion to Compel Discovery (Doc. 110). This detailed discussion of the background is incorporated by reference herein and is summarized, restated, and supplemented as necessary to resolve Defendants' Objections.

position in 2010, Defendants terminated her academic employment. Plaintiff brings this employment action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C. § 626 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, asserting discrimination and retaliation claims.

During the process of discovery, Plaintiff sought and Defendants declined to produce certain documents and information regarding Plaintiff and the other anesthesiologists at OSU. On April 30, 2012, Plaintiff filed a Motion to Compel (Doc. 59). On October 29, 2012, the Magistrate Judge issued a Discovery Order generally granting Plaintiff's Motion to Compel Discovery (Doc. 110). The Discovery Order required Defendants to produce the documents at issue within 30 days of the issuance of the order, or November 29, 2012. On November 13, 2012, Defendants filed objections to the Discovery Order and a Motion to Stay the operation of the Discovery Order pending resolution of the objections. By Order filed November 20, 2012, the Court granted Defendants' Motion to Stay. Defendants' Objections are ripe for review.[2]

## II.     Standard of Review

When a party files timely objections to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v.*

---

[2] Defendants request oral argument on their Objections. However, the Court finds that oral argument is not essential to resolve Defendants' Objections. Thus, Defendants' request for oral argument is **DENIED**.

*Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

The "clearly erroneous" standard applies only to factual findings made by the magistrate judge, while legal conclusions will be reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd.*, 19 F.3d 1432 (6th Cir. 1994). "A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). If on review, the court determines that the evidence does not support the factual determination, or that the magistrate judge's construction of the evidence is not reasonable, the finding is clearly erroneous. *Geiger Bros. Mechanical Contractors v. Lockheed Martin Utility Services, Inc.*, 2000 WL 1456916, *1-2 (S.D. Ohio 2000) (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985)). Under the "contrary to law" standard, should the court determine on plenary review that the decision of the magistrate judge ignores or contradicts the law, or governing Rules of Civil Procedure, it should be rejected. *Id.*

Here, Defendants seek review of the Magistrate Judge's disposition of Plaintiff's Motion to Compel. Whether to grant or deny a particular piece of discovery is committed to the sound discretion of the trial court. *Bracy v. Gramley*, 520 U.S. 899 (1997). Review of a grant or denial of discovery by a court of appeals is therefore governed by the abuse of discretion standard. "A district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (*en banc*). Because a magistrate judge exercises the discretion of the District Court in the first instance in deciding discovery questions, a magistrate judge's order

on discovery should be reviewed by a district judge on objections under Fed. R. Civ. P. 72(a) for "abuse of discretion." *See Gapen v. Bobby*, Case No. 3:08-cv-280, 2012 WL 1715864, *2 (May 15, 2012) (Merz, M.J.). While Rule 72(a) does not use the phrase "abuse of discretion," the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review of discovery orders. *Id.*

### III. Discussion

Defendants set forth the following specific objections to the Magistrate Judge's Discovery Order:

> 1. The Discovery Order incorrectly found that Plaintiff's counsel established good cause for filing a Motion to Compel Discovery two months after the established discovery deadline. In fact, Plaintiff's counsel's "special circumstances", which the Magistrate found to establish good cause, did not even arise until well after the discovery deadline had already expired.
>
> 2. The Discovery Order erroneously ordered the production of irrelevant and confidential peer review documents in their entirety despite the fact that Plaintiff was never subjected to a peer review proceeding or action and the fact that Plaintiff's former supervisors, Drs. Zvara and Harter (who terminated Plaintiff), had no role in the peer review committee. Moreover, even if the peer review proceeding documents were somehow relevant to Plaintiff's claims in this case, the Discovery Order failed to place any reasonable limitations or conditions on the confidential peer review information disclosure.
>
> 3. The Discovery Order erroneously requires OSU to produce every "performance related" record of every anesthesiologist who was employed by OSU in the Department of Anesthesiology at the College of Medicine from August 2006 through May 2011. More specifically, there were 94 anesthesiologists employed by OSU during the subject time-frame, and they were certainly not all comparators or "similarly situated" to Plaintiff Nathan in light of the fact that the anesthesiology department is divided into several sub-specialties, including a cardiac speciality of which Plaintiff Nathan was a member. Accordingly, the Discovery Order failed to limit the proper pool of comparators for purposes of discovery.

Defendants argue that the Magistrate Judge incorrectly found that Plaintiff established

good cause for filing a Motion to Compel two months after the established discovery deadline. Plaintiff argues that the Magistrate Judge correctly found that she had demonstrated good cause for filing her Motion to compel after the discovery deadline in view of the existence of special circumstances of a highly sensitive nature and the exhaustion of extrajudicial resolution efforts. Upon the Court's review of the procedural history of this case, it agrees with the reasoning expressed by the Magistrate Judge on this issue and therefore finds that the Magistrate Judge did not act contrary to law in deciding not to summarily deny the Motion to Compel as untimely.

Next, Defendants argue that the Magistrate Judge erroneously ordered the production of irrelevant peer review documents, and that the order as it relates to these documents is without any reasonable limitations or conditions.  Plaintiff argues that the Magistrate Judge properly found that the peer review records that must be produced are relevant and that the Magistrate Judge properly limited the scope of the discoverable peer review documents.  As to this issue, the Court finds that the Magistrate Judge properly resolved that Plaintiff's request for certain peer review documents relating to her proposed comparators is reasonably calculated to lead to matters that bear on, or that reasonably could lead to other matter that bear on, the issue of whether or not there were other anesthesiologists who had alleged issues with professionalism or interpersonal difficulties, but were not terminated.  That is, considering that one of the reasons given for Plaintiff's termination was her issues with professionalism, the Magistrate Judge properly ruled that peer review documents concerning anesthesiologists at OSU reflecting serious accusations of unprofessional behavior and interpersonal conduct are discoverable.  The Court further finds that the Magistrate's Discovery Order is reasonable in its scope as it relates to the discovery of peer review documents.  Defendants' arguments to the contrary are

5

unpersuasive.

Finally, Defendants argue that the Magistrate Judge did not limit the proper pool of comparators for the purpose of discovery to other members of the cardiac anesthesiology group at OSU, and that the task of searching and producing "performance related" documents in all of the anesthesiologists' personnel file would be unduly burdensome. Defendants submit evidence in support of their argument that they would be unduly burdened by the production requirements of the Discovery Order. Plaintiff argues that the Magistrate Judge correctly determined that she was similarly situated to all of the anesthesiologists at OSU. Plaintiff also contends that Defendants failed to demonstrate to the Magistrate Judge that the documents compelled are too burdensome to produce, and that the evidence proffered is nonetheless "riddled with statements that are contravened by the record in this matter." (Doc. 117, p. 15).

The Court agrees with the Magistrate Judge's conclusion that the proper pool of comparators for the purpose of discovery consists of faculty anesthesiologists reporting to the Chair of Anesthesiology at OSU. Defendants' assertion that only members of the subgroup of cardiac anesthesiologists should be considered comparators for the purpose of discovery is belied by the evidence that all of the faculty anesthesiologists reported to the same supervisors, provided anesthesiology and taught residents, and were subject to the same processes for peer review, evaluation, and reappointment. And, as noted by the Magistrate Judge, Defendants fail to show why Plaintiff's subgroup designation necessitates limitation of the group of comparators from which Plaintiff can seek discovery.

Additionally, while Defendants challenge the scope of the comparator discovery compelled, asserting it is overbroad and unduly burdensome, they failed to develop this

6

argument before the Magistrate Judge beyond this conclusory assertion.  Now, in objecting to the Magistrate Judge's Discovery Order, Defendants have produced evidence in support of its position.  As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge.  *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000).  By logical extension, "[i]t is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation." *Coleman v. Dahlstrom*, 2006 WL 644477, *1 (W.D. Mich. Mar. 9, 2006).  Thus, Defendants cannot show that the Magistrate Judge erred, in finding that provision of the requested information would prove unduly burdensome, by citing evidence that was not before the Magistrate Judge for consideration.

As a final matter, the Court notes that the Magistrate Judge required Defendants to produce the documents at issue within 30 days.  In granting Defendants' Motion to Stay the Discovery Order, the Court noted that it considers the timetable to be pertinent to the burden placed on Defendants as it relates to the production of documents. (*See* Doc. 116, p. 2).  However, as noted above, Defendants, in presenting their response to Plaintiff's Motion to Compel, did not offer specific examples or evidence demonstrating the nature and extent of the burden.  Accordingly, the Court finds that it was reasonable for the Magistrate Judge to require Defendants to comply with the production requirements within 30 days.

**IV.  Conclusion**

The Court has reviewed the Magistrate Judge's Discovery Order in light of Plaintiff's Objections, and finds that the Magistrate Judge's Discovery Order is neither clearly erroneous, nor contrary to law.  *See* U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a).  The Court therefore

**OVERRULES** Plaintiff's objections to the Discovery Order and **AFFIRMS** the Magistrate Judge's October 29, 2012 Discovery Order.  Accordingly, the previously imposed stay is **VACATED**.  Defendants must comply with the discovery requirements within 30 days of the filing of this Order.  The Court sets March 1, 2013, as the deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment.  Defendants may file a reply memorandum within fourteen days after Plaintiff files her Memorandum in Opposition.

The Clerk shall remove Document 113 from the Court's pending motions list.

**IT IS SO ORDERED.**

  *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**