UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NADIA NATHAN,**

    **Plaintiff,**

    v.

                              Civil Action 2:10-cv-872
                              Judge George C. Smith
                              Magistrate Judge Elizabeth P. Deavers

**THE OHIO STATE UNIVERSITY, et al.,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Dr. Nadia Nathan, brings this employment action against Defendants, The Ohio State University, The Ohio State University Medical Center, and Ohio State University Physicians, Inc. (collectively "OSUMC"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C. § 626 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, asserting discrimination and retaliation claims.  This matter is before the Court for consideration of Plaintiff's Motion to Compel and for Sanctions (ECF No. 122), Defendants' Memorandum in Opposition (ECF No. 125), Plaintiff's Reply (ECF No. 132), Defendants' Motion for Leave to File Sur-reply (ECF No. 133), and Plaintiff's Response to Defendants' Sur-Reply (ECF No. 134).  For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motion to file a Sur-Reply is **GRANTED**.

**I.**

On October 29, 2012, the Court issued a Discovery Order, compelling Defendants to respond to Plaintiff's discovery requests. (ECF No. 110.) The Court incorporates by reference herein the October 29, 2012 Discovery Order. After the Court overruled their objections to the Discovery Order (ECF No. 120), Defendants produced approximately 30,000 documents. Upon review of these documents, Plaintiff's counsel notified Defense counsel that Defendants failed to produce a number of responsive documents. (Feb. 20, 2013 Loring Corres., ECF No. 122-2.) In correspondence dated February 22, 2013, Plaintiff's counsel provided a detailed list of more than twenty categories of documents she believed to be missing from Defendants' production. Defense counsel subsequently acknowledged that the production was lacking with regards to several types of documents, but maintained that the remainder of the documents had been provided to the extent they existed. (Feb. 25, 2013 Corl Corres., ECF No. 122-3.) On March 25, 2013, Defendants produced approximately 5,000 additional documents. Upon review of these documents, Plaintiff's counsel again informed Defense counsel that she believed the production to be deficient in a number of regards. (Mar. 29, 2013 Lorring Corres., ECF No. 122-5.) The parties have been unable to resolve their disputes regarding the sufficiency of Defendants' production, prompting the subject Motion to Compel.

In her Motion, Plaintiff asks the Court to issue an order compelling Defendants to produce various categories/types of documents that she maintains were compelled in the Court's October 29, 2012 Discovery Order, but never Produced. These documents include the following:

1. All complaints about anesthesiologists during the compelled time frame, including all event reports and/or all correspondence to the Quality Control/Assurance Committee, Professionalism Committee, PEC committees

    and/or those committee's member and/or any other member of hospital management.

  2.  All email and other documentation of pager response times and failures;

  3.  All performance-related documents not contained in the "personnel file," whether or not those documents are kept in paper copy or electronically, including evaluation comment spreadsheets, employee relations files, bonus letter and reports for teaching, CRNA evaluations, timeliness of surgery starts, research, clinical evaluations with comment spreadsheets, overall evaluation score, and salaries.

(Pl.'s Mot. 8, ECF No. 122.) Plaintiff further asks the Court to sanction Defendants for their repeated failure to comply with this Court's October 29, 2012 Discovery Order.

  Defendants oppose Plaintiff's Motion. Defendants posit that Plaintiff limited her request for performance-related documents to certain, discrete types of documents when she filed her April 30, 2012 Motion to Compel (ECF No. 59). Defendants assert that their production is sufficient because they produced these discrete types of documents Plaintiff listed as well as any documents Dr. Harter represents were actually utilized to evaluate anesthesiologist performance. Defendants maintain that Plaintiff is now, for the first time, seeking new types of performance-related documents that were never the subject of a formal discovery request and were not addressed in the Court's October 29, 2012 Discovery Order. Defendants further represent that all documents related to pager response times and failures have been produced.

  In her Reply, Plaintiff asserts that she indisputably requested the performance-related documents that are the subject of the instant Motion. She also asserts that Defendants improperly limited the universe of performance-related documents to those Dr. Harter represents were utilized for performance evaluations. Finally, Plaintiff attaches examples of the types of documents she maintains Defendants have failed to produce, such as documents reflecting late surgery start data and event reports.

3

Defendants have moved for leave to file a sur-reply, attaching their proposed Sur-Reply. (ECF No. 133.) Plaintiff does not oppose Defendants' Motion, but responded in opposition to the substance of the Sur-Reply. (ECF No. 134.) In their Sur-Reply, Defendants re-assert their position that the Court's October 29, 2012 Discovery Order did not compel them to produce all discovery documents, emphasizing that Plaintiff did not request all performance documents in the first instance and that such a request would be overbroad. Defendants also re-assert that they have produced all responsive documents, including the late-surgery start documents. In her Response to Defendants' Sur-Reply, Plaintiff continues to assert that she did not limit her discovery requests to performance-related documents actually utilized or specifically identified, explaining that she cannot be expected to know what types of performance-related data and documents Defendants possess. With regard to the late-start documents, Plaintiff asserts as follows: "If . . . Defendants offer an affidavit from its IT Department affirming that the two reports measure the same data and briefly describing the data measured, Plaintiff will obviously be satisfied with this explanation." (Pl.'s Resp. to Defs.' Sur-Reply 3, ECF No. 134.)

## II.

As a threshold matter, the Court **GRANTS** Defendants' Motion for Leave to File a Sur-Reply because the proposed Sur-Reply potentially resolves an issue of the existence of late-start documents. (ECF No. 133.) The Court now considers the sufficiency of Defendants' production before turning to the issue of sanctions.

**A.     Sufficiency of Defendants' Production**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or

4

attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case. For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

As both of the parties appear to agree, resolution of Plaintiff's Motion turns on whether the October 29, 2012 Discovery Order compelled Defendants to produce all performance-related documents for Plaintiff's comparators as contrasted with only those types of documents Plaintiff specifically identified or that Dr. Harter represents were utilized for performance evaluations.

Defendants' first contention, that Plaintiff never formally requested the performance-related documents, lacks merit. Plaintiff initially requested all performance-related documents for herself and her comparators in multiple discovery requests, including her Request for Production Numbers One and Twenty-One. (Pl.'s First Doc. Reqs. 4–6, ECF No. 59-1 at Ex. D; Pl.'s Sec. Doc. Reqs. 4, ECF No. 59-1 at Ex. F). Plaintiff then moved to compel production of performance-related documents in her April 30, 2012 Motion to Compel Discovery. (ECF No. 59 at 8–10.) Plaintiff's listing of specific types of performance-related documents in her Motion to Compel in no way limited her request for an order compelling Defendants to produce other performance-related documents. (*See id.*, (under heading "Documents in Dispute That are the Subject of This Motion," Plaintiff lists, among other documents, "Performance-related documents, including . . .").)

Defendants' second contention—that the Court's October 29, 2012 Discovery Order limited the universe of discoverable performance-related documents—equally lacks merit. Defendants objected to Plaintiff's April 30, 2012 Motion to Compel Discovery on the grounds that her document requests lacked relevance and were overbroad, among others. The Court

rejected both of these arguments with the exception of Plaintiff's request for personnel files. With regard to Defendants' overbreadth objection, the Court reasoned as follows:

> Defendants next challenge the scope of the comparator discovery Plaintiff seeks to compel, asserting that it is overbroad and unduly burdensome. Defendants assert that "there is no question that Plaintiff's document requests relating to every anesthesiologists employed by Defendants over a five year period of time (which would consist of nearly one hundred individuals) is overly broad and unduly burdensome on its face." ( Id. at 17.) Defendants fail to develop this argument beyond this conclusory assertion.
>
> \*     \*     \*
>
> With the exception of personnel files, the Court finds that the documents Plaintiff seeks to compel are not overbroad. Neither party identifies what types of documents Defendants include in the personnel files of anesthesiologists. "[P]ersonnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to [a] plaintiff's claims." *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999). For this reason, the Court declines to order production simply on the personnel file designation. Rather, the Court limits production to only those documents in the comparators' personnel files that are relevant to this action. These could include any documents relating to the comparators' performance or performance issues as well as any documents that would be responsive to any of the other categories of documents Plaintiff seeks to compel in her Motion. For example, if a comparator's personnel file contained resident evaluations or rankings, Defendants must produce those evaluations and rankings.
>
> Defendants have not demonstrated that provision of the requested information would prove unduly burdensome. Beyond asserting broad allegations of burdensomeness, Defendants fail to offer specific examples or evidence revealing the nature of its burden. It is, therefore, impossible for the Court to determine whether the alleged burden outweighs the benefit of the requested comparator information, which is critical to Plaintiff's claims. Accordingly, Defendants' objection to production on the grounds that it would be unduly burdensome is overruled.

(Oct. 29, 2012 Disc. Order 19–20.) Nothing in the foregoing language limits the scope of the performance-related documents Plaintiff requested to those documents that Dr. Harter identifies as having been actually utilized to evaluate anesthesiologist performance.

Defendants' Objections to the October 29, 2012 Discovery Order reveal the

6

disingenuousness of their assertion that the Court limited the scope of the discoverable performance-related documents. In their Objections, Defendants argued as follows: "[t]he Discovery Order *erroneously requires* [*Defendants*] *to produce every "performance related" record* of every anesthesiologist who was employed by OSU in the Department of Anesthesiology at the College of Medicine from August 2006 though May 2011." (Defs.' Objs. to Oct. 29, 2012 Disc. Order 1, ECF No. 113 (emphasis added).) Thus, their current position is completely at odds with their earlier acknowledgment that the Court's Discovery Order required them to produce *every performance-related record* for each of Plaintiff's comparators. The Court overruled Defendants' Objections to the October 29, 2012 Discovery Order, affirming the Discovery Order in its entirety. (Jan. 10, 2013 Order 7–8, ECF No. 120.) Moreover, in compelling discovery of the peer review documents, the Court explicitly rejected Defendants' argument that Plaintiff is only entitled to obtain comparators' performance-related documents if Dr. Harter actually utilized them in his annual evaluations. (Oct 29, 2012 Disc. Order 20–21, ECF No. 110.)

In sum, Defendants are again **DIRECTED** to produce all performance-related documents for Plaintiff and her comparators, without regard to whether the documents are stored electronically, housed in Dr. Harter's office, or utilized in annual evaluations **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**. To the extent Defense counsel insists that a certain type of performance document is wholly irrelevant to this action, she should consult with Plaintiff's counsel to see if they can reach an agreement as to whether this category of documents should be produced. Absent any such agreement, Defendants must produce the documents.

Defendants and/or Defense counsel are further **DIRECTED** to set forth, in affidavits, the

steps they took to locate and produce responsive documents, including disclosure of the departments and individuals Defendants contacted, any leads upon which they followed up, and the parameters of their electronic searches.  Defense counsel must execute an affidavit certifying that Defendants have completed a reasonable inquiry in locating and producing responsive documents and that all responsive documents of which they are aware have been produced.  Defense counsel's affidavit must specify the steps taken in identifying departments likely to have relevant information, the substance of the requests sent to each department, and any follow-up conducted on any perceived inadequacies or in order to locate responsive documents.  The affidavits must confirm that their efforts in locating responsive documents are complete.  Defendants' and Defense counsel's full disclosure of their search methodology is necessary here given their refusal to comply with this Court's discovery orders.[1]

Of course, Defendants have no obligation to create documents that do not exist.  Further, in the event Defendants indicate that, after a reasonable inquiry, particular types of performance-related documents Plaintiff seeks do not exist, the Court will accept Defendants' efforts as complete.  Put another way, Plaintiff's speculation that additional documents must exist will be insufficient to compel judicial involvement unless she offers evidence that Defendants are improperly withholding documents.

**B.	Sanctions**

Plaintiff asks the Court to impose a number of harsh sanctions on Defendants for their failure to comply with this Court's discovery orders.  Rule 37(b)(2) sets forth a laundry list of sanctions, including dismissal, that a court could impose when a party fails to comply with its

---

[1]This will also resolve parties' dispute regarding whether Defendants have adequately searched for and produced the late-start documents.

discovery orders. Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) adds that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, the Court concludes that Defendants lacked justification, let alone substantial justification for their evasive and incomplete discovery responses. The Court, therefore, concludes that sanctions in the form of attorneys' fees and expenses under Rule 37(b)(2)(C) are appropriate. Defendants' failure to comply with the Court's discovery orders has necessitated numerous phone calls and email exchanges between counsel as well as the filing of the subject Motion to Compel. Accordingly, Defendants and Defense Counsel are jointly **ORDERED** to pay Plaintiff her reasonable attorneys' fees associated with bringing this Motion, as well as fees associated with pursuit of performance-related documents subsequent to this Court's October 29, 2012 Discovery Order. The Court encourages the parties to reach an agreement concerning the appropriate amount of fees to be awarded. In the event the parties cannot reach such an agreement, Plaintiff shall file a supplemental memorandum in support of her requested attorneys' fees and expenses, setting forth information including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege, **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

### III.

For the reasons set forth above, Defendants' Motion for Leave to File Sur-reply (ECF No. 133) is **GRANTED**, and Plaintiff's Motion to Compel and for Sanctions (ECF No. 122) is **GRANTED IN PART AND DENIED IN PART**. Defendants must produce the documents at

issue **WITHIN THIRTY (30) DAYS** of the date of this Order.  Plaintiff's response to Defendants' Motion for Summary Judgment is due **ON OR BEFORE JUNE 24, 2013**.

Defendants and/or Defense counsel are further **DIRECTED**, as set forth above, to file affidavits detailing their efforts to locate and produce responsive documents, certifying that they have completed a reasonable inquiry in locating and producing responsive documents, and further certifying that they have produced all of the responsive documents of which they are aware.

Finally, Defendants and Defense Counsel are jointly **ORDERED** to pay Plaintiff her reasonable attorneys' fees associated with bringing this Motion, as well as fees associated with pursuit of performance-related documents subsequent to this Court's October 29, 2012 Discovery Order.  In the event the parties are unable to reach an agreement concerning the appropriate amount of fees to be awarded, Plaintiff shall file a supplemental memorandum in support of her requested attorneys' fees and expenses **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

**IT IS SO ORDERED.**

Date: May 23, 2013         /s/ *Elizabeth A. Preston Deavers*
                           Elizabeth A. Preston Deavers
                           United States Magistrate Judge