UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NADIA NATHAN,**

        **Plaintiff,**

                                            Case No. 2:10-CV-872
                                            JUDGE SMITH
    v.                                         Magistrate Judge Deavers

**THE OHIO STATE UNIVERSITY,** *et al.***,**

        **Defendants.**

## ORDER

This matter is before the Court on Defendants The Ohio State University and The Ohio State University Medical Center's (collectively "Defendants" or "OSU") Objections to the Magistrate Judge's May 23, 2013 Discovery Order (Doc. 139), which granted in part and denied in part Plaintiff's April 2, 2013 Motion to Compel and for Sanctions. The Magistrate Judge's May 23, 2013 Discovery Order directed OSU to "produce all performance-related documents for Plaintiff and her comparators, without regard to whether the documents are stored electronically, housed in Dr. Harter's office, or utilized in annual evaluations" within 30 days of the date of the order (Doc. 135). The Magistrate Judge further ordered Defendants and Defense Counsel to pay Plaintiff's reasonable attorneys' fees associated with bringing her Motion to Compel as well as fees associated with pursuit of performance-related documents subsequent to the Magistrate Judge's October 29, 2012 Discovery Order. On May 24, 2013, Defendants filed a Motion for Reconsideration and Clarification asking the Court to reconsider the order of sanctions against OSU and its counsel and to clarify the Court's Discovery Order of May 23, 2013 (Doc. 136).[1]

---

[1] The Magistrate Judge has denied the Motion for Reconsideration and Clarification.

Defendants then filed a Motion to Stay, which was denied by this Court (Doc. 138). On the same day, OSU filed its Objections to the Magistrate Judge's May 23, 2013 Discovery Order. OSU's Objections are fully briefed and ripe for review.[2]

When a party files timely objections to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies only to factual findings made by the magistrate judge, while legal conclusions will be reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd.*, 19 F.3d 1432 (6th Cir. 1994). "A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). Under the "contrary to law" standard, should the court determine on plenary review that the decision of the magistrate judge ignores or contradicts the law, or governing Rules of Civil Procedure, it should be rejected. *Id.*

By its Objections, OSU argues that the Magistrate Judge's May 23, 2013 Discovery Order erroneously concluded that it did not comply with the Magistrate Judge's October 29, 2012 Discovery Order because it has produced all documents/data requested in and the subject of Plaintiff's original Motion to Compel Discovery and every document or other data actually used to evaluate the performance of Plaintiff and her comparators. OSU argues that the Magistrate Judge's May 23, 2013 Discovery Order erroneously requires it to produce documents neither requested nor identified by Plaintiff's original Motion to Compel Discovery and further

---

[2] Defendants request oral argument on their Objections. However, the Court finds that oral argument is not essential to resolve Defendants' Objections. Thus, Defendants' request for oral argument is **DENIED**.

erroneously requires it to guess as to what documents it was required to produced. OSU argues that it cannot produce the documents in the 30 days ordered by the Magistrate Judge. Finally, OSU argues that the sanction of attorneys' fees is clearly erroneous because it has cooperated in discovery and acted in good faith responding to the Plaintiff's discovery requests and in complying with the Magistrate Judge's October 29, 2012 Discovery Order.

In response, Plaintiff argues that OSU's Objections are essentially reiterations of arguments previously asserted and rejected by this Court. Plaintiff further argues that the Court should not be persuaded by OSU's attempt to disingenuously dodge its obligations under the October 29, 2012 Discovery Order by "claiming that what Plaintiff asks for is just too much and they do not know what she wants." (Doc. 143 at 12).

OSU's objections to the Magistrate Judge's May 23, 2013 Discovery Order are rooted in its misguided approach to its discovery obligations in this case. As OSU recognizes in its memorandum in support of its pending Motion for Reconsideration and Clarification: "There is a significant disconnect going on in this case. Plaintiff and the Court appear to be operating under a totally different understanding of the discovery at issue in this case than OSU." (Doc. 136 at 2). That is exactly correct, and this "disconnect" is a consequence of OSU's failure to comply with the directions of the Court. OSU continues to proceed in a divergent manner, despite the Magistrate Judge repeatedly, and straightforwardly, setting forth what is required of OSU. That OSU does not agree with the Magistrate Judge's articulation of the discovery issue, or the Court's previous disposition of OSU's challenge to its discovery obligations, does not necessitate further consideration or clarification, or excuse a failure to comply with the Court's discovery order. OSU's insistence that the October 29, 2012 Discovery Order only compelled it to produce documents that Plaintiff specifically identified or that were actually used for

3

performance evaluations was correctly rejected by the Magistrate Judge. As OSU recognized in its Objections to the Magistrate Judge's October 29, 2012 Discovery Order, that Order required OSU to produce all performance-related documents for Plaintiff and her comparators.

The Court agrees with Plaintiff's contention that the pending Objections are simply repackaged arguments previously considered and rejected by the Court. When OSU filed Objections to its discovery obligations set forth in the Magistrate Judge's October 29, 2012 Discovery Order, it challenged the breadth of the discovery obligation as well as the imposed timetable of production. The Court rejected OSU's challenge to the October 29, 2012 Discovery Order, specifically finding as unpersuasive OSU's challenge to the breadth of the production requirement and the deadline imposed for that requirement. Furthermore, the Court notes that, while the Court briefly stayed the document production requirement pending resolution of OSU's Objections to the October 29, 2012 Discovery Order, OSU has otherwise been under the document production requirement since the October 29, 2012 Discovery Order.

Moreover, the Court finds no error in the Magistrate Judge's decision to impose an attorneys' fees sanction on OSU and its counsel for their failures to comply with the Court's discovery orders. Federal Rule of Civil Procedure 37(b)(2) authorizes a court to require a disobedient party, the attorneys advising that party, or both, to pay the reasonable expenses, including attorneys' fees, caused by a failure to obey a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Such an order may be imposed "[i]nstead of or in addition to" other sanctions, including dismissal. Fed. R. Civ. P. 37(b)(2). Because OSU's disobedience of the Court's discovery orders was not justified, and considering the absence of circumstances making the award unjust, the Magistrate Judge was authorized to impose an attorneys' fees sanction. This is one of the Court's older cases, and

it has proceeded long enough at the discovery stage.  Any further disobedience of the Court's discovery orders in this case will result in even harsher sanctions.

The Court has reviewed the Magistrate Judge's May 23, 2013 Discovery Order in light of Plaintiff's Objections, and finds that the Magistrate Judge's Discovery Order is neither clearly erroneous, nor contrary to law.  *See* U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a).  The Court therefore **OVERRULES** Plaintiff's objections to the Magistrate Judge's May 23, 2013 Discovery Order and **AFFIRMS** said order.  Absent a successful motion demonstrating good cause for an extension, Defendants shall comply with the discovery requirements no later than **JUNE 28, 2013.**  The Court sets **JULY 12, 2013**, as the deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment.  Defendants may file a reply memorandum within fourteen days after Plaintiff files her Memorandum in Opposition.

    **IT IS SO ORDERED.**

    *s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**